Robert S. Green (State Bar No. 136183)
James Robert Noblin (State Bar No. 114442)
Emrah M. Sumer (State Bar No. 329181)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, California  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

Counsel for Plaintiff and the Proposed Class,
ANASTASIYA KISIL, mother and natural guardian
of "JOHN DOE," an infant, individually and on behalf
of others similarly situated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

-------------------------------------------------

| | |
|---|---|
| ANASTASIYA KISIL, mother and natural guardian of "JOHN DOE," an infant, individually and on behalf of others similarly situated, | Civil Action No.: |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| -against- | |
| ILLUMINATE EDUCATION, INC. d/b/a PUPIL PATH, | |
| Defendant. | |

-------------------------------------------------

Plaintiff ANASTASIYA KISIL, mother and natural guardian of "JOHN DOE," an infant ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class" or "Class members"), brings this Class Action Complaint against Illuminate Education, Inc. d/b/a Pupil Path ("Illuminate" or "Defendant"), based on her individual experiences and personal information, and investigation by her counsel.

## INTRODUCTION

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this class action suit against Defendant because of Defendant's failure to safeguard the confidential information of over two million current and former elementary and high school students in school districts in New York City and elsewhere in the State of New York, and in the States of California, Connecticut, and Oklahoma. The full extent of the confidential information stolen is still uncertain but is currently known to include highly sensitive personal and medical identifying information such as names, addresses, demographic information, grades, academic and behavioral records, test results, enrollment date, disability accommodation information, free or reduced-priced lunch status, language preference, attendance records, physical performance records, biometrics, and medical data. (the "Data Breach").

2.      Illuminate maintains a nationwide internet platform that stores and assesses data concerning students in grades K-12 on a contract basis to school districts nationwide, with access provided to educators, students and parents as an aid to educational evaluation, monitoring of progress, and determining an educational plan (as well as information concerning educators), headquartered in Irvine, California. It also provides educational software applications and technology support to the school districts. With data stored regarding at least seventeen million students nationwide, Illuminate collects a significant amount of sensitive data from current and former students, as delineated above.

3.      On or about January 8, 2022, Illuminate became aware of "suspicious access" to its systems that had occurred between on or about December 28, 2021, and

CLASS ACTION COMPLAINT

January 8, 2022, where unauthorized parties obtained the personally identifiable information ("PII") and protected health information ("PHI") of current and former students in school districts throughout the country (collectively, "Private Information"). However, it was not until or about March 25, 2022, and in some cases later than that, Illuminate began to notify school districts of the Data Breach, first doing so by notifying the New York City Department of Education. As yet, Illuminate has still failed to directly notify students and their parents of the Data Breach.

4.      The Private Information that was compromised in the Data Breach can be used to gain unlawful access to other online accounts of the students and their parents, carry out identity theft, or commit other fraud and can be disseminated on the internet, available to those who broker and traffic in stolen Private Information.

5.      The illegal access to Private Information of minors is particularly nefarious, as awareness of such access is typically delayed for a much longer period of time in the case of children as opposed to adults, giving perpetrators more time to use the Private Information for illegal purposes before detection.

6.      While the sophistication of the methods employed in effectuating the Data Breach is not publicly known, it is certain that the Data Breach could have been avoided through basic security measures, encrypting, authentications, and training.

7.      At all relevant times, Defendant promised and agreed in various documents to safeguard and protect Private Information in accordance with federal, state, and local laws, and industry standards, including the California Consumer Privacy Act. Defendant made these promises and agreements on their websites and other written notices and extended this commitment to situations in which third parties handled Private Information on their behalf.

8.      Contrary to these promises, and despite the fact that the threat of a data breach has been a well-known risk to Defendant, especially due to the valuable and sensitive nature of the data Defendant collects, stores and maintains, Defendant failed to take reasonable steps to adequately protect the Private Information of current and

former students and educators. The Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cyber-security procedures and protocols necessary to protect Private Information.

9.     As a result of Defendant's failure to take reasonable steps to adequately protect the Private Information of current and former students and educators, Plaintiff's and Class members' Private Information is now on the internet for anyone and everyone to acquire, access, and use for unauthorized purposes for the foreseeable future.

10.     Defendant's failure to implement and follow basic security procedures has resulted in ongoing harm to Plaintiff and Class members who will continue to experience a lack of data security for the indefinite future and remain at serious risk of identity theft and fraud that would result in significant monetary loss and loss of privacy.

11.     Accordingly, Plaintiff seeks to recover damages and other relief resulting from the Data Breach, including but not limited to, compensatory damages, reimbursement of costs that Plaintiff and others similarly situated will be forced to bear, and declaratory judgment and injunctive relief to mitigate future harms that are certain to occur in light of the scope of this breach.

## **JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; the number of members of the proposed Class exceeds 100, and diversity exists because Plaintiff and Defendant are citizens of different states. Subject matter jurisdiction is also based upon the Federal Trade Commission Act ("FTCA") and the Federal Education Rights and Privacy Act ("FERPA"). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT

13.     This Court has personal jurisdiction over Defendant as they conduct substantial business in this State and in this District and/or the conduct complained of occurred in and/or emanated from this State and District because the Private Information compromised in the Data Breach was likely stored and/or maintained in accordance with practices emanating from this District. Defendant is also headquartered in this District.

14.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the conduct alleged in this Complaint occurred in, were directed to, and/or emanated from this District, and because Defendant resides within this District.

## THE PARTIES

15.     Plaintiff Anastasiya Kisil, mother and natural guardian of "John Doe," an infant, is a student enrolled in the New York City public school system, operated by the New York City Department of Education.

16.     Defendant is an information technology company, a general business corporation existing by virtue of the laws of the State of California,  that, *inter alia*, maintains internet platforms under  numerous names, including PupilPath, that stores and assesses data concerning students in grades K-12 on a contract basis to school districts nationwide, with access provided to educators, students and parents as an aid to educational evaluation, monitoring of progress, and determining an educational plan (as well as information concerning educators), headquartered in Irvine, California, and also provides educational software applications and technology support to the school districts, authorized to conduct business in the State of California and elsewhere, which conducts business within the State of California and elsewhere and within this District, with its headquarters located in Irvine, California.

## FACTUAL ALLEGATIONS

17.     At all pertinent times, Plaintiff and Class Members were students or former students at various school districts in the States of California, Colorado,

CLASS ACTION COMPLAINT

Connecticut, New York, and Oklahoma, and possibly other States, whose Private Information and other sensitive data were collected and stored by Defendant through its PupilPath system and provided to students' respective school districts.

18.     Defendant's PupilPath system is licensed to 5,000 schools nationally and has a total enrollment of approximately 17 million students.

19.     On or about between December 28, 2021, and January 8, 2022, Defendant became aware of "suspicious access" to its systems.

20.     However, it was not until on or about March 25, 2022, and in some cases later than that, that Defendant began to notify school districts of the Data Breach, first doing so by notifying the New York City Department of Education.

21.     As yet, Illuminate has still failed to directly notify students and their parents of the Data Breach.

22.     As part of Defendant's contracts with the various and several school districts, of which Plaintiff and Class Members were foreseeable third-party beneficiaries, the school districts were required to agree to Defendant's Privacy Policy, Terms of Use, Payment Authorization, and Consent to Electronic Transactions and Disclosures.

23.     Defendant promised to protect the Private Information and other data of current and former students in the various and several school districts, in accordance with the applicable Federal, State, and local statutes and regulations, emphasizing its purported commitment to protection of Private Information and other data on its website and elsewhere.

24.     Defendant's website claims:

> We protect your data like it's our own. In alignment with the Family Educational Rights and Privacy Act (FERPA), we deploy meaningful safeguards to protect student data.
>
> We pledge our unwavering commitment to student data privacy.

We aim to give educators the confidence that all your data remains secure when you use our site and services.

Whether collected directly from our Website or maintained on behalf of your Educational Organization, protecting the privacy of your information is important to us. We take security measures—physical, electronic, and procedural—to help defend against the unauthorized access and disclosure of your information. In addition to the restrictions discussed in this Privacy Policy, our employees are required to comply with information security safeguards, and our systems are protected by technological measures to help prevent unauthorized individuals from gaining access. The specific measures Illuminate takes to secure your information are defined by the contract between Illuminate and your Educational Organization. These measures meet or exceed the requirements of applicable federal and state law. Illuminate's employees are trained to observe and comply with applicable federal and state privacy laws in the handling, processing, and storage of your information.

25.     Defendant has failed to maintain the confidentiality of Private Information and other data, failed to prevent cybercriminals from access and use of Private Information and other data, failed to avoid accidental loss, disclosure, or unauthorized access to Private Information and other data, failed to prevent the unauthorized disclosure of Private Information and other data, and failed to provide security measures consistent with industry standards for the protection of PII and other data, of current and former students whose data Defendant has collected and stored.

26.     This Data Breach was foreseeable, in light of the much-publicized wave of data breaches in recent years. Since at least 2015, the Federal Bureau of Investigation ("FBI") has specifically advised private industry about the threat of "Business E-Mail Compromise" ("BEC"). The FBI calls BEC "a growing financial fraud that is more sophisticated than any similar scam the FBI has seen before and one—in its various forms—that has resulted in actual and attempted losses of more than a billion dollars to businesses worldwide." The FBI notes that "scammers'

methods are extremely sophisticated," and warns companies that "the criminals often employ malware to infiltrate company networks."[1]

27.     Accordingly, Defendant knew, or should have known, given the vast amount of Private Information and other data it collects, manages, and maintains, that they were targets of security threats, and therefore understood the risks posed by unsecure data security practices and systems. Defendant's failure to heed warnings and to otherwise maintain adequate security practices resulted in this Data Breach.

28.     Defendant, at all relevant times, had a duty to Plaintiff and Class members to properly secure their Private Information and other data, encrypt and maintain such information using industry standard methods, train their employees, utilize available technology to defend their systems from invasion, act reasonably to prevent foreseeable harm to Plaintiff and Class members, and promptly notify the respective school districts, Plaintiff and Class members when Defendant became aware of the potential that Plaintiff's and Class Members' Private Information and other data may have been compromised.

29.     Defendant's duty to use reasonable security measures arose as a result of the special relationship that existed between Defendant, on the one hand, and Plaintiff and the Class Members, on the other hand. The special relationship arose because Plaintiff and the Members of the Class entrusted Defendant with their Private Information and other data by virtue of being students at the respective school districts with which Defendant had contracted to provide services, and by virtue of Federal, State and local statutes and regulations. Defendant had the resources necessary to prevent the Data Breach but neglected to adequately invest in security measures, despite their obligation to protect such information. Accordingly, Defendant breached their common law, statutory, and other duties owed to Plaintiff and Class Members.

---

[1] BUSINESS E-MAIL COMPROMISE: AN EMERGING GLOBAL THREAT, https://www.fbi.gov/news/stories/business-e-mail-compromise (last visited June 13, 2022).

30.     Defendant's duty to use reasonable security measures also arose under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data by entities such as Defendant.

31.     Defendant's duty to use reasonable security measures also arose under the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g, which states that "any data collected under this subparagraph shall be protected in a manner that will not permit the personal identification of students and their parents".

32.     Defendant's duty to use reasonable security measures also arose under the California Consumer Privacy Act.

33.     The FTC has established data security principles and practices for businesses as set forth in its publication, Protecting Personal Information: A Guide for Business.[2] Among other things, the FTC states that companies should encrypt information stored on computer networks and dispose of consumer information that is no longer needed. The FTC also says to implement policies for installing vendor-approved patches to correct problems, and to identify operating systems. The FTC also recommends that companies understand their network's vulnerabilities and develop and implement policies to rectify security deficiencies. Further, the FTC recommends that companies utilize an intrusion detection system to expose a data breach as soon as it occurs; monitor all incoming traffic for activity that might indicate unauthorized access into the system; monitor large amounts of data transmitted from the system and have a response plan ready in the event of a data breach. The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including,

---

[2] https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_protecting-personal-information.pdf (last visited June 13, 2022).

among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number." (17 C.F.R. § 248.201 (2013)).

34.     The FTC has prosecuted a number of enforcement actions against companies for failing to take measures to adequately and reasonably protect consumer data. The FTC has viewed and treated such security lapses as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45.

35.     Defendant failed to maintain reasonable data security procedures and practices.

36.     Accordingly, Defendant did not comply with state and federal statutory and regulatory requirements and industry standards, as discussed above.

37.     Defendant was at all times fully aware of their obligations to protect the Private Information and other data of current and former students. Defendant was also aware of the significant consequences that would result from its failure to do so.

38.     To date, Defendant may have merely offered identity monitoring to those affected by the Data Breach. The offer, however, is wholly inadequate as it fails to provide for the fact that victims of data breaches and other unauthorized disclosures commonly face multiple years of ongoing identity theft, and it entirely fails to provide any compensation for the unauthorized release and disclosure of Plaintiff's and Class Members' Personal Information and other data.

39.     Furthermore, Defendant's identity monitoring offer to Plaintiff and Class Members squarely places the burden on Plaintiff and Class Members, rather than upon the Defendant, to investigate and protect themselves from Defendant's tortious acts resulting in the Data Breach, rather than automatically enrolling Plaintiff and Class Members in identity monitoring services upon discovery of the breach.

40.     As a result of the Data Breach and Defendant's failure to provide timely notice to Plaintiff and Class Members, Plaintiff and Class Members' Private Information and other data are now in the hands of unknown hackers, and Plaintiff and Class Members now face an imminent, heightened, and substantial risk of identity theft and other fraud, which is a concrete and particularized injury traceable to Defendant's conduct. Accordingly, Plaintiff and the Class Members have suffered "injury-in-fact." See *Attias v. CareFirst, Inc.*, 865 F.3d 620 (D.C. Cir. 2017).

41.     As a direct and proximate result of Defendant's wrongful actions and inaction, Plaintiff and Class Members have suffered injury and damages, including the increased risk of identity theft and identity fraud, improper disclosure of Private Information and other data, the time and expense necessary to mitigate, remediate, and sort out the increased risk of identity theft and to deal with governmental agencies, including the various departments of education.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action and seeks to certify and maintain it as a class action under Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3), and/or (c)(4), on behalf of herself, and the following proposed Classes (collectively, the "Class").

43.     The Nationwide Class is defined as follows: All individuals residing in the United States whose Private Information and other data was compromised in the Data Breach occurring in or about December 2021 to January 2022.

44.     The California Class is defined as follows: All individuals residing in California whose Private Information and other data was compromised in the Data Breach occurring in or about December 2021 to January 2022.

45.     The Colorado Class is defined as follows: All individuals residing in Colorado whose Private Information and other data was compromised in the Data Breach occurring in or about December 2021 to January 2022.

46.     The Connecticut Class is defined as follows: All individuals residing in Connecticut whose Private Information and other data was compromised in the Data Breach occurring in or about December 2021 to January 2022.

47.     The New York Class is defined as follows: All individuals residing in New York whose Private Information and other data was compromised in the Data Breach occurring in or about December 2021 to January 2022.

48.     The Oklahoma Class is defined as follows: All individuals residing in Oklahoma whose Private Information and other data was compromised in the Data Breach occurring in or about December 2021 to January 2022.

49.     Excluded from each of the above proposed Classes are: Defendant, any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant; and judicial officers to whom this case is assigned and their immediate family members.

50.     Plaintiff reserves the right to re-define the Class definitions after conducting discovery.

51.     Each of the proposed Classes meets the criteria for certification under Rule 23(a), (b)(2), (b)(3) and/or (c)(4).

52.     Numerosity. Fed. R. Civ. P. 23(a)(1). Pursuant to Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, the proposed Class includes potentially millions of individuals whose Private Information and other data was compromised in the Data Breach. Class members may be identified through objective means, including by and through Defendant's business records and those of the respective school districts. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

53.     Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). Pursuant to Rule 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class Members. The common questions include:

(a)     Whether Defendant had a legal duty to implement and maintain reasonable security procedures and practices for the protection of Plaintiff's and Class Members' Private Information and other data;

(b)     Whether Defendant breached its legal duty to implement and maintain reasonable security procedures and practices for the protection of Plaintiff's and Class Members' Private Information and other data;

(c)     Whether Defendant's conduct, practices, actions, and omissions, resulted in or were the proximate cause of the data breach, resulting in the loss of Private Information and other data of Plaintiff and Class Members;

(d)     Whether Defendant had a legal duty to provide timely and accurate notice of the Data Breach to Plaintiff and Class Members;

(e)     Whether Defendant breached its duty to provide timely and accurate notice of the Data Breach to Plaintiff and Class Members;

(f)     Whether and when Defendant knew or should have known that its computer systems were vulnerable to attack;

(g)     Whether Defendant failed to implement and maintain reasonable and adequate security measures, procedures, and practices to safeguard Plaintiff's and Class Members' Private Information and other data;

(h)     Whether Defendant breached express or implied contract with the various and several school districts and Plaintiff and the Class in

failing to have adequate data security measures despite promising to do so;

(i)     Whether Defendant's conduct was negligent;

(j)     Whether Defendant's conduct was *per se* negligent;

(k)     Whether Defendant's practices, actions, and omissions constitute unfair or deceptive business practices;

(l)     Whether Plaintiff and Class Members suffered legally cognizable damages as a result of Defendant's conduct, including increased risk of identity theft and loss of value of their personal and financial information; and

(m)     Whether Plaintiff and Class Members are entitled to relief, including damages and equitable relief.

53.     Typicality. Fed. R. Civ. P. 23(a)(3). Pursuant to Rule 23(a)(3), Plaintiff's claims are typical of the claims of the Members of the Class. Plaintiff, as all Members of the Class, were injured through Defendant's uniform misconduct described above and asserts similar claims for relief. The same events and conduct that give rise to Plaintiff's claims also give rise to the claims of every other Class Member because Plaintiff and each Class Member are persons that have suffered harm as a direct result of the same conduct engaged in by Defendant and resulting in the Data Breach.

54.     Adequacy of Representation (Fed. R. Civ. P. 23(a)(4). Pursuant to Rule 23(a)(4), Plaintiff and their counsel will fairly and adequately represent the interests of the Class Members. Plaintiff has no interest antagonistic to, or in conflict with, the interests of the Class Members. Plaintiff's attorneys are highly experienced in the prosecution of consumer class actions and data breach cases.

55.     Superiority (Fed. R. Civ. P. 23(b)(3). Pursuant to Rule 23(b)(3), a class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual Members of the Class because the amount of monetary relief available to individual Plaintiff is insufficient in the absence of the

class action procedure. Separate litigation could yield inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

56. Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief (Fed. R. Civ. P. 23(b)(1) and (2)). In the alternative, this action may properly be maintained as a class action, because:

(a) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant; or

(b) The prosecution of separate actions by individual Members of the Class would create a risk of adjudications with respect to individual Members of the Class which would, as a practical matter, be dispositive of the interests of other Members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

57. Issue Certification (Fed. R. Civ. P. 23(c)(4). In the alternative, the common questions of fact and law, set forth above, are appropriate for issue certification on behalf of the proposed Class.

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION FOR NEGLIGENCE
### (On behalf of Plaintiff, the Nationwide Class and the California, Colorado, Connecticut, New York and Oklahoma Classes)

58.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

59.     Defendant required Plaintiff and Class Members to submit non-public, sensitive PII and other data via its contracts with the respective school districts.

60.     Defendant had, and continues to have, a duty to Plaintiff and Class Members to exercise reasonable care in safeguarding and protecting their Private Information and other data. Defendant also had, and continues to have, a duty to use ordinary care in activities from which harm might be reasonably anticipated, such as in the collection, storage and protection of Private Information and other data within their possession, custody and control and that of its vendors.

61.     Defendant's duty to use reasonable security measures arose as a result of the special relationship that existed between Defendant and students and former students. The special relationship arose because Plaintiff and the Members of the Class had entrusted Defendant with their Private Information and other data by virtue of being students at the respective school districts with which Defendant had contracted to provide services. Only Defendant was in a position to ensure that its systems were sufficient to protect against the harm to Plaintiff and the Class Members from a data breach.

62.     Defendant violated these standards and duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff and Class Members' Private Information and other data by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect the Private Information and other data entrusted to it, including Plaintiff and Class Members' Private Information and other data as aforesaid. It was reasonably foreseeable to Defendant that its failure to exercise reasonable care in safeguarding

and protecting Plaintiff and Class Members' Private Information and other data by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems would result in the unauthorized release, disclosure, and dissemination of Plaintiff and Class Members' Private Information and other data.

63.    Defendant, by and through its negligent actions, inaction, omissions, and want of ordinary care, unlawfully breached its duties to Plaintiff and Class Members by, *inter alia*, failing to exercise reasonable care in safeguarding and protecting Plaintiff and Class Members' Private Information and other data within their possession, custody and control.

64.    Defendant, by and through its negligent actions, inactions, omissions, and want of ordinary care, further breached its duties to Plaintiff and Class Members by failing to design, adopt, implement, control, direct, oversee, manage, monitor and audit their processes, controls, policies, procedures, protocols, and software and hardware systems for complying with the applicable laws and safeguarding and protecting their Private Information and other data.

65.    But for Defendant's negligent breach of the above-described duties owed to Plaintiff and Class Members, their Private Information and other data would not have been released, disclosed, and disseminated without their authorization.

66.    Plaintiff and Class Members' Private Information and other data was transferred, sold, opened, viewed, mined and otherwise released, disclosed, and disseminated to unauthorized persons without their authorization as the direct and proximate result of Defendant's failure to design, adopt, implement, control, direct, oversee, manage, monitor and audit its processes, controls, policies, procedures and protocols for complying with the applicable laws and safeguarding and protecting Plaintiff and Class Members' Private Information and other data.

67.    As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and

proximately caused the Data Breach, Plaintiff and Class Members have suffered, and will continue to suffer, ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

68.     Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused this Data Breach constitute negligence.

69.     Plaintiff is entitled to compensatory and consequential damages suffered as a result of the Data Breach.

70.     Plaintiff is also entitled to injunctive relief requiring Illuminate to, *e.g.*, (i) strengthen its data security programs and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures; and (iii) immediately provide robust and adequate credit monitoring to all Class Members, and any other relief this Court deems just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENCE *PER SE*
### (On behalf of Plaintiff, the Nationwide Class and the California, Colorado, Connecticut, New York and Oklahoma Classes)

69.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

70.     Pursuant to the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, Defendant had a duty to provide fair and adequate computer systems and data

security to safeguard the personal and financial information of Plaintiff and Class Members.

71.     The FTCA prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect the Private Information and other data of Plaintiff and Class Members. The pertinent FTC publications and orders form part of the basis of Defendant's duty in this regard.

72.     Defendant required, gathered, and stored personal and financial information of Plaintiff and Class Members to fulfill its contracts with the various and several school districts.

73.     Defendant violated the FTCA by failing to use reasonable measures to protect the Private Information and other data of Plaintiff and Class Members and by not complying with applicable industry standards, as described herein.

74.     Plaintiff and Class Members are within the class of persons that the FTC Act was intended to protect.

75.     The harm that occurred as a result of the Data Breach is the type of harm the FTCA was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and Class Members.

76.     As a direct and proximate result of Defendant's negligence *per se*, Plaintiff and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering unemployment benefits; potentially defending themselves from legal action base upon fraudulent applications for unemployment benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for

unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

77.     Defendant's violation of the FTCA constitutes negligence *per se*.

78.     For the same reasons and upon the same bases, Defendant's violation of the Family Educational Rights and Privacy Act, the California Consumer Privacy Act, the California Customer Records Act, the California Unfair Competition Law, the New York SHIELD Act and New York GBL §349 and various other State and local statutes, constitutes negligence *per se*.

79.     As a direct and proximate result of Defendant's violation of the foregoing statutes and regulations, Plaintiff and Class Members have suffered injury and are entitled to compensatory, consequential, and punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
### (On behalf of Plaintiff, the Nationwide Class and the California, Colorado, Connecticut, New York and Oklahoma Classes)

79.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

80.     Defendant required, gathered, and stored Private Information and other data of Plaintiff and Class Members to fulfill its contracts with the various and several school districts.

81.     There was offer, acceptance and consideration, the consideration being the fees paid by the various and several school districts for Defendant's services, including the provisions of those agreements pertaining to the protection of students' and former students' Private Information and other data.

82.     The various and several school districts have performed and satisfied all of their obligations to Defendant pursuant to their contracts.

83.     Defendant breached its contractual obligations to protect the students' and former students' Private Information and other data it possessed and with which it was entrusted when the information was accessed by unauthorized persons as part of the Data Breach.

84.     Plaintiff and Class Members were foreseeable third-party beneficiaries of said contracts.

85.     As a direct and proximate result of Defendant's breach of contract, Plaintiff and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact educational agencies; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their names; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the Data Breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identity theft, which may take months or years to discover and detect.

86.     The above constitutes breach of contract by Defendant.

87.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

88.     Defendant required, gathered, and stored Private Information and other data of Plaintiff and Class Members to fulfill its contracts with the various and several school districts.

89.     By virtue of the above, Defendant entered into implied contracts with Plaintiff and Class Members by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised or stolen.

90.    Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

91.    Defendant breached the implied contracts it made with Plaintiff and Class Members by failing to safeguard and protect student' and former students' Private Information and other data, and by failing to provide timely and accurate notice to them that Private Information and other data was compromised as a result of the Data Breach.

92.    As a direct and proximate result of Defendant's breach of implied contract, Plaintiff and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for unemployment benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

93.    The above constitutes breach of implied contract by Defendant.

94.     Plaintiff and Class Members are therefore entitled to damages, including restitution and unjust enrichment, disgorgement, declaratory and injunctive relief, and attorney fees, costs, and expenses.

**FOURTH CAUSE OF ACTION FOR MISREPRESENTATION**
**(On behalf of Plaintiff, the Nationwide Class and the California, Colorado, Connecticut, New York and Oklahoma Classes)**

94.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

95.    A special, privity-like relationship existed between Defendant and Plaintiff and Class Members herein because Plaintiff and the Members of the Class entrusted Defendant with their Private Information and other data by virtue of being students at the respective school districts with which Defendant had contracted to provide services, and by virtue of Federal, State and local statutes and regulations.

96.    The Defendant incorrectly represented to Plaintiff and Class Members that they would take appropriate measures to safeguard their Private Information and other data and promptly notify them of a data breach.

97.    Plaintiff and Class Members reasonably relied upon said representations in that they held Defendant in a position of trust as guardians of their Private Information and other data.

98.    As a direct and proximate result of Defendant's misrepresentation, Plaintiff and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

99.    The above constitutes misrepresentation on the part of Defendant.

**FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**
**(On behalf of Plaintiff, the Nationwide Class and the California, Colorado, Connecticut, New York and Oklahoma Classes)**

100.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

101.    A fiduciary relationship existed between Plaintiff and Class Members and Defendant, in that Defendant was in a position of trust with respect to Plaintiff and Class Members by virtue of being students at the respective school districts with which Defendant had contracted to provide services, and by virtue of Federal, State and local statutes and regulations.

102.    Defendant owed a duty to Plaintiff and Class Members to insure that the Private Information and other data entrusted to them was safeguarded pursuant to common law and statute.

103.    The Defendant engaged in misconduct, consisting of the failure to safeguard the Private Information and other data of Plaintiff and Class Members that had been entrusted to them, in violation of the duty to exercise due care, their contractual obligations and their statutory obligations pursuant to the  Federal Trade Commission  Act  ("FTCA"), the Family Educational Rights and Privacy Act, the California Consumer Privacy Act, the California Customer Records Act, the California Unfair Competition Law, the New York SHIELD Act and New York GBL §349 and various other State and local statutes, constitutes negligence *per se*.

104.    As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

CLASS ACTION COMPLAINT

105.   As a direct and proximate result of Defendant's breach of their fiduciary duty, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, and other economic and non-economic losses.

106.   The above constitutes breach of fiduciary duty on the part of Defendant.

**SIXTH CAUSE OF ACTION FOR INVASION OF PRIVACY**
**(On behalf of Plaintiff, the Nationwide Class and the California, Colorado, Connecticut, New York and Oklahoma Classes)**

107.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

108.   Plaintiff and the Class Members have a legally protected privacy interest in their Private Information, which is and was collected, stored and maintained by Defendant, and they are entitled to the reasonable and adequate protection of their Private Information against foreseeable unauthorized access, as occurred with the Data Breach.

109.   Plaintiff and the Class Members reasonably expected that Defendant would protect and secure their Private Information from unauthorized parties and that their Private Information would not be accessed, exfiltrated, and disclosed to any unauthorized parties or for any improper purpose.

110.   The Defendant unlawfully invaded the privacy rights of Plaintiff and the Class Members by engaging in the conduct described above, including by failing to protect their Private Information by permitting unauthorized third-parties to access, exfiltrate and view this Private Information. Likewise, Defendant further invaded the privacy rights of Plaintiff and Class Members, and permitted cybercriminals to invade the privacy rights of Plaintiff and Class Members, by unreasonably and intentionally delaying disclosure of the Data Breach, and failing to properly identify what Private Information had been accessed, exfiltrated, and viewed by unauthorized third-parties.

111. This invasion of privacy resulted from Defendant's failure to properly secure and maintain Plaintiff and Class Members' Private Information, leading to the foreseeable unauthorized access, exfiltration, and disclosure of this unguarded data.

112. Plaintiff and Class Members' Private Information is the type of sensitive, personal information that one normally expects will be protected from exposure by the very entity charged with safeguarding it. Further, the public has no legitimate concern in Plaintiff and Class Members' Private Information, and such information is otherwise protected from exposure to the public by various statutes, regulations and other laws.

113. The disclosure of Plaintiff and Class Members' Private Information to unauthorized parties is substantial and unreasonable enough to be legally cognizable and is highly offensive to a reasonable person.

114. Defendant's willful and reckless conduct which permitted unauthorized access, exfiltration and disclosure of Plaintiff and Class Members', Private Information is such that it would cause serious mental injury, shame or humiliation to people of ordinary sensibilities.

115. The unauthorized access, exfiltration, and disclosure of Plaintiff and Class Members' Private Information was without their consent, and in violation of various statutes, regulations and other laws.

116. As a result of the invasion of privacy caused by Defendant, Plaintiff and Class Members suffered and will continue to suffer damages and injury as set forth herein.

117. Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including damages, punitive damages, restitution, injunctive relief, reasonable attorneys' fees and costs, and any other relief that is just and proper.

### SEVENTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.)

### (On behalf of Plaintiff, the Nationwide Class and the California Class)

118.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

119.   Defendant engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce and furnishing of services, in violation of Cal. Bus. & Prof. Code §§17200, *et. seq.*, including but not limited to the following:

(a)   Defendant misrepresented material facts to Plaintiff, the Nationwide Class and California Class Members by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Plaintiff, the Nationwide Class and California Class members' Private Information and other data from unauthorized disclosure, release, data breaches, and theft;

(b)   Defendant misrepresented material facts to Plaintiff, the Nationwide Class and California Class Members by representing that they did and would comply with the requirements of federal and state laws pertaining to the privacy and security of Plaintiff, the Nationwide Class and California Class Members' Private Information and other data;

(c)   Defendant omitted, suppressed, and concealed material facts of the inadequacy of its privacy and security protections for Plaintiff, the Class and California Class Members' Private Information and other data;

CLASS ACTION COMPLAINT

(d)  Defendant misrepresented material facts to Plaintiff, the Nationwide Class and California Class Members by representing that they would maintain adequate data  privacy and security practices and procedures to safeguard Plaintiff, the Nationwide Class and California and Class Members' Private Information and other data from unauthorized disclosure, release, data breaches, and theft;

(e)  Defendant misrepresented material facts to Plaintiff, the Nationwide Class and California Class Members by representing that they did and would comply with the requirements of federal and state laws pertaining to the privacy and security of Plaintiff, the Nationwide Class and California Class Members' Private Information and other data;

(f)  Defendant omitted, suppressed, and concealed material facts of the inadequacy of its privacy and security protections for Plaintiff, the Nationwide Class and California Class Members' Private Information and other data;

(g)   Defendant engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Plaintiff, the Nationwide Class and California Class Members' Private Information and other data, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Data Breach. These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45);

(h)  Defendant engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the Data Breach to Plaintiff, the Nationwide Class and California Class Members in a timely and

accurate manner, contrary to the duties imposed by various federal and state statutes and regulations.

119.   Defendant's failure constitutes false and misleading representations, which have the capacity, tendency, and effect of deceiving or misleading consumers (including Plaintiff, the Nationwide Class and California Class Members) regarding the security of its network and aggregation of Private Information and other data.

120.   The misrepresentations upon which consumers (including Plaintiff, the Nationwide Class and California Class Members) relied were material misrepresentations (*e.g.*, as to Defendant's adequate protection of Private Information and other data), and consumers (including Plaintiff, the Nationwide Class and California Class Members) relied on those representations to their detriment.

121.   Defendant's conduct is unconscionable, deceptive, and unfair, as it is likely to, and did, mislead consumers acting reasonably under the circumstances. As a direct and proximate result of Defendant's conduct, Plaintiff, the Nationwide Class and California Class Members have been harmed, in that they were not timely notified of the data breach, which resulted in profound vulnerability of their Private Information and other data.

122.   As a direct and proximate result of Defendant's unconscionable, unfair, and deceptive acts and omissions, Plaintiff, the Class and California Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff, the Nationwide Class and California and Class Members damages.

123.   As a direct and proximate result of Defendant's violation of Cal. Bus. & Prof. Code §§17200, *et. seq.*, Plaintiff, the Nationwide Class and California and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing

or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

124.   Plaintiff, the Nationwide Class and California Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices or use of their Private Information; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

125.   The above constitutes violation of Cal. Bus. & Prof. Code §§17200, *et. seq.*

### EIGHTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CUSTOMER RECORDS ACT (CAL. CIV. CODE § 1798.80, ET SEQ.) (On behalf of Plaintiff, the Nationwide Class and the California Class)

126.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

127.   Cal. Civ. Code §1798.81.5 requires that any business that "owns, licenses, or maintains Personal Information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the Personal Information from unauthorized access, destruction, use, modification, or disclosure."

128.   Defendant committed violations of Cal. Civ. Code §1798.81.5, including but not limited to by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect the

Private Information and other data entrusted to it, including Plaintiff, the Nationwide Class and California Class Members' Private Information and other data as aforesaid.

129.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.81.5, Plaintiff, the Nationwide Class and California and Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff, the Nationwide Class and California Class Members damages.

130.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.81.5, Plaintiff, the Nationwide Class and California Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

131.   The above constitutes violation of Cal. Civ. Code §1798.81.5.

132.   Plaintiff, the Nationwide Class and California Class Members seek relief under Cal. Civ. Code § 1798.84, including actual damages and injunctive relief.

## NINTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CONSUMER PRIVACY ACT (CAL. CIV. CODE §§ 1798.150, *ET SEQ.* )
### (On behalf of Plaintiff, the Nationwide Class and the California Class)

133.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

134.   Defendant violated to California Consumer Privacy Act by failing to exercise reasonable care in safeguarding and protecting Plaintiff, the Nationwide

Class and California Class Members' Private Information and other data by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect the Private Information and other data entrusted to it, including Plaintiff, the Nationwide Class and California Class Members' Private Information and other data as aforesaid. It was reasonably foreseeable to Defendant that its failure to exercise reasonable care in safeguarding and protecting Plaintiff, the Nationwide Class and California Class Members' Private Information and other data by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems would result in the unauthorized release, disclosure, and dissemination of Plaintiff, the Nationwide Class and California Class Members' Private Information and other data.

135.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.150, et seq., Plaintiff, the Nationwide Class and California Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff, the Nationwide Class and California Class Members damages.

136.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798. 150, et seq., Plaintiff, the Nationwide Class and California Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending;

placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

137.   In accordance with Cal. Civ. Code § 1798.150(b), on or about June 10, 2022, Plaintiff's counsel served Defendant with notice of these CCPA violations via First-Class U.S. Mail.

138.   On behalf of Plaintiff, the Nationwide Class and California Class Members, Plaintiff, the Nationwide Class and California Class Members seek injunctive relief in the form of an order enjoining Defendant from continuing to violate the CCPA. If Defendant fails to respond to Plaintiff's notice letter or agree to rectify the violations detailed above, Plaintiff will amend this Complaint and seek actual, punitive, and statutory damages, restitution, attorneys' fees and costs, and any other relief the Court deems proper as a result of Defendant's CCPA violations.

139.   Plaintiff, the Nationwide Class and California Class Members seek statutory damages of between $100 and $750 per customer per violation or actual damages, whichever is greater, as well as all monetary and non-monetary relief allowed by law, including actual financial losses; injunctive relief; and reasonable attorneys' fees and costs.

140.   The above constitutes violation of Cal. Civ. Code §1798.150, et. seq.

**TENTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE §§ 1750, *ET SEQ.*) (On behalf of Plaintiff, the Nationwide Class and the California Class)**

141.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

142.   Defendant's acts and practices were intended to and did result in the sales of products and services to Plaintiff, the Nationwide Class and California Class Members in violation of Civil Code § 1770, including:

(a)   Representing that goods or services have characteristics that they do not have;

(b)    Representing that goods or services are of a particular standard, quality, or grade when they were not;

(c)    Advertising goods or services with intent not to sell them as advertised; and

(d)    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

141.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of its data security and ability to protect the confidentiality of consumers' Private Information and other data.

142.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1750, *et seq.*, Plaintiff, the Nationwide Class and California Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff, the Nationwide Class and California Class Members damages.

143.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1750, et seq., Plaintiff, the Nationwide Class and California and Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

CLASS ACTION COMPLAINT

144.   In accordance with Cal. Civ. Code § 1750, on or about June 10, 2022, Plaintiff's counsel served Defendant with notice of these CLRA violations via First-Class U.S. Mail.

145.   On behalf of Plaintiff, the Nationwide Class and California Class Members, Plaintiff seeks injunctive relief in the form of an order enjoining Defendant from continuing to violate the CLRA. If Defendant fails to respond to Plaintiff's notice letter or agree to rectify the violations detailed above, Plaintiff will amend this Complaint and seek actual, punitive, and statutory damages, restitution, attorneys' fees and costs, and any other relief the Court deems proper as a result of Defendant's CLRA violations.

146.   Plaintiff, the Nationwide Class and California Class Members seek all monetary and non-monetary relief allowed by law, including damages, an order enjoining the acts and practices described above, attorneys' fees, and costs under the CLRA.

147.   The above constitutes violation of Cal. Civ. Code §1750, *et. seq.*

### ELEVENTH CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIV. CODE § 56, ET SEQ.
### (On Behalf of Plaintiff, the Nationwide Class and the California Class)

148.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

149.   The California's Confidentiality of Medical Information Act ("CMIA") prohibits, among other things, unauthorized disclosure of private medical information. Cal. Civ. Code §§ 56, *et seq*.

150.   Plaintiff, the Nationwide Class and California  Class Members provided their PHI to Defendant which is a "health care practitioner" is a "provider of health care" as defined by Cal. Civ. Code § 56.05(j).

151.   Plaintiff, the Nationwide Class and California Class Members are "patients" as defined by Cal. Civ. Code § 56.05(k).

152.   Illuminate is a "provider of health care" subject to the CMIA because it is a "business that offers software or hardware to consumers, . . . that is designed to maintain medical information" in order to make the information available to an individual or an educational entity to which Plaintiff, the Nationwide Class and California Class Members provided their PHI. Cal. Civ. Code § 56.06(b).

153.   Illuminate stored in electronic form on its computer system Plaintiff, the Nationwide Class and California Class Members' "medical information" as defined by Cal. Civ. Code § 56.05(j).

154.   Illuminate's systems were designed, in part, to make information available to the educational entities by providing cloud-based computing solutions through which those educational entities could store, access, and manage current and former students' Private Information including PHI.

155.   Plaintiff, the Nationwide Class and California Class Members did not provide Illuminate authorization nor was Illuminate otherwise authorized to disclose Plaintiff, the Nationwide Class and California Class Members' PHI to an unauthorized third-party.

156.   As described throughout this Complaint, Illuminate negligently maintained, disclosed and released Plaintiff, the Nationwide Class and California Class Members' PHI  inasmuch as it did not implement adequate security protocols to prevent unauthorized access to medical information, maintain an adequate electronic security system to prevent data breaches, or employ industry standard and commercially viable measures to mitigate the risks of any data the risks of any data breach or otherwise comply with HIPAA data security requirements.

157.   As a direct and proximate result of Illuminate's negligence, it disclosed and released Plaintiff, the Nationwide Class and California Class Members' PHI to an unauthorized third-party.

158.   Illuminate's unauthorized disclosure of PHI has caused injury to the Plaintiff, the Nationwide Class and California Class Members.

159.   Upon information and belief, Plaintiff, the Nationwide Class and California Class Members' PHI was viewed by an unauthorized third party.

160.   Accordingly, Plaintiff, individually and on behalf of the Nationwide Class and California Class Members seek to recover actual, nominal (including $1000 nominal damages per disclosure under § 56.36(b)), and statutory damages (including under § 56.36(c)) where applicable, together with reasonable attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION FOR VIOLATION OF COLORADO SECURITY BREACH NOTIFICATION ACT, Colo. Rev. Stat. §§ 6-1-716, *et seq.* (On behalf of Plaintiff and the Colorado Class)

161.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

162.   Defendant is required to accurately notify Plaintiff and Colorado Class Members if it becomes aware of a breach of its data security system in the most expedient time possible and without unreasonable delay under Colo. Rev. Stat. § 6-1-716(2).

163.   Because Defendant was aware of a breach of its security system, it had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Colo. Rev. Stat. § 6-1-716(2).

164.   By failing to disclose the Illuminate Data Breach in a timely and accurate manner, Defendant violated Colo. Rev. Stat. § 6-1-716(2).

165.   As a direct and proximate result of Defendant's violation of Colo. Rev. Stat. § 6-1-716(2), Plaintiff and Colorado Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff and Colorado Class Members damages.

166.   As a direct and proximate result of Defendant's violation of Colo. Rev. Stat. § 6-1-716(2), Plaintiff and Colorado Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from

lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

167.   Plaintiff and Colorado Class Members seek relief under Colo. Rev. Stat. § 6-1-716(4), including actual damages and equitable relief.

168.   The above constitutes violation of Colo. Rev. Stat. § 6-1-716(2).

## THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF COLORADO CONSUMER PROTECTION ACT, Colo. Rev. Stat. §§ 6-1-101, *et seq.* (On behalf of Plaintiff and the Colorado Class)

169.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

170.   Defendant engaged in deceptive trade practices in the course of its business, in violation of Colo. Rev. Stat. § 6-1-105(1), including:

(a)   Making a false representation as to the characteristics of products and services;

(b)   Representing that services are of a particular standard, quality, or grade, though Defendant knew or should have known that there were or another;

37

(c)     Advertising services with intent not to sell them as advertised;

(d)     Employing "bait and switch" advertising, which is advertising accompanied by an effort to sell goods, services, or property other than those advertised or on terms other than those advertised; and

(e)     Failing to disclose material information concerning its services which was known at the time of an advertisement or sale when the failure to disclose the information was intended to induce the consumer to enter into the transaction.

171.  Defendant's deceptive trade practices include:

(a)     Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Colorado Class Members' Private Information and other data, which was a direct and proximate cause of the Data Breach;

(b)     Failing to identify and remediate foreseeable security and privacy risks and adequately improve security and privacy measures despite knowing the risk of cybersecurity incidents;

(c)     Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Colorado Class Members' Private Information and other data, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

(d)     Misrepresenting that they would protect the privacy and confidentiality of Plaintiff and Colorado Class Members' Private Information and other data, including by implementing and maintaining reasonable security measures;

(e)     Misrepresenting that they would comply with common law and statutory duties pertaining to the security and privacy of

Plaintiff and Colorado Class Members' Private Information and other data, including duties imposed by the FTC Act, 15 U.S.C. § 45;

(f)    Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Colorado Class Members' Private Information and other data; and

(g)    Omitting, suppressing, and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Colorado Class Members' Private Information and other data, including duties imposed by the FTC Act, 15 U.S.C. § 45.

172.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Illuminate's data security and ability to protect the confidentiality of consumers' Private Information and other data.

173.   Defendant intended to mislead Plaintiff and Colorado Class Members and induce them to rely upon its misrepresentations and omissions.

174.   Defendant acted intentionally, knowingly, and maliciously to violate Colorado's Consumer Protection Act, and recklessly disregarded Plaintiff and Colorado Class Members' rights. Defendant was on notice that its security and privacy protections were inadequate.

175.   Defendant's deceptive trade practices significantly impact the public, because many members of the public are actual or potential users of Defendant's services and the Breach affected millions of students and former students, including members of the Colorado Class.

CLASS ACTION COMPLAINT

176.   As a direct and proximate result of Defendant's violation of Colo. Rev. Stat. §§ 6-1-101, *et seq.*, Plaintiff and Colorado Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff and Colorado Class Members damages.

177.   As a direct and proximate result of Defendant's violation of Colo. Rev. Stat. §§ 6-1-101, *et seq.*, Plaintiff and Colorado Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

178.   Plaintiff and Colorado Class Members seek all monetary and non-monetary relief allowed by law, including the greater of: (a) actual damages, or (b) $500, or (c) three times actual damages; injunctive relief; and reasonable attorneys' fees and costs.

179.   The above constitutes violation of Colo. Rev. Stat. §§ 6-1-101, *et seq.*

**FOURTEENTH CAUSE OF ACTION FOR VIOLATION OF CONNECTICUT BREACH OF SECURITY REGARDING COMPUTERIZED DATA, C.G.S.A. § 36a-701b (On behalf of Plaintiff and the Connecticut Class)**

180.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

181.   Defendant is required to accurately notify Plaintiff and Connecticut Class Members if it becomes aware of a breach of its data security program in the most

expedient time possible and without unreasonable delay, not to exceed ninety days after discovery of the breach under C.G.S.A. § 36a-701b(b).

182.   Defendant is required to immediately notify Plaintiff and Connecticut Class Members if it becomes aware of a breach of its data security program which may have compromised personal information it stores, but which Plaintiff and Connecticut Class Members own, under C.G.S.A. § 36a-701b(c).

183.   Because Defendant was aware of a breach of its security system, it had an obligation to disclose the data breach in a timely and accurate fashion as mandated by C.G.S.A. §§ 36a-701b(b) and (c).

184.   By failing to disclose the Data Breach in an accurate and timely manner, Defendant failed to comply with C.G.S.A. §§ 36a-701b(b) and (c). Pursuant to C.G.S.A. § 36a-701b(g), Defendant's failure to comply was an unfair trade practice under the Connecticut Unfair Trade Practices Act, C.G.S.A. §§ 42-110a, *et seq.*

185.   As a direct and proximate result of Defendant's violation of C.G.S.A. § 36a-701b(b), Plaintiff and Connecticut Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering benefits; potentially defending themselves from legal action base upon fraudulent applications for benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

186.   Plaintiff and Connecticut Class Members seek all monetary and non-monetary relief allowed by law, including actual damages, punitive damages, disgorgement of profits, reasonable costs, and attorney's fees.

CLASS ACTION COMPLAINT

187.   In compliance with Connecticut General Statutes § 42-110g(c), a copy of this Complaint is being contemporaneously mailed to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection.

188.   The above constitutes violation of C.G.S.A. § 36a-701b(b).

### FIFTEENTH CAUSE OF ACTION FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW §349
### (On behalf of Plaintiff and the New York Class)

189.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

190.   Defendant engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce and furnishing of services, in violation of N.Y. Gen. Bus. Law § 349(a), including but not limited to the following:

(a)   Defendant misrepresented material facts to Plaintiff and Class Members by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Plaintiff and New York Class members' Private Information and other data from unauthorized disclosure, release, data breaches, and theft;

(b)   Defendant misrepresented material facts to Plaintiff and New York Class Members by representing that they did and would comply with the requirements of federal and state laws pertaining to the privacy and security of Plaintiff and New York Class Members' Private Information and other data;

(c)   Defendant omitted, suppressed, and concealed material facts of the inadequacy of its privacy and security protections for Plaintiff and New York Class Members' Private Information and other data;

(d)   Defendant engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Plaintiff and New York Class members' Private Information and other data,

in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Data Breach. These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45);

(e)     Defendant engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the Data Breach to the Class in a timely and accurate manner, contrary to the duties imposed by N.Y. Gen. Bus. Law §§ 899-aa(2) and 899-bb (SHIELD Act).

191.   Defendant's failure constitutes false and misleading representations, which have the capacity, tendency, and effect of deceiving or misleading consumers (including Plaintiff and New York Class Members) regarding the security of its network and aggregation of Private Information and other data.

192.   The misrepresentations upon which consumers (including Plaintiff and New York Class Members) relied were material misrepresentations (e.g., as to Defendant's adequate protection of Private Information and other data), and consumers (including Plaintiff and New York Class Members) relied on those representations to their detriment.

193.   Defendant's conduct is unconscionable, deceptive, and unfair, as it is likely to, and did, mislead consumers acting reasonably under the circumstances. As a direct and proximate result of Defendant's conduct, Plaintiff and New York Class Members have been harmed, in that they were not timely notified of the Data Breach, which resulted in profound vulnerability of their Private Information and other data.

194.   As a direct and proximate result of Defendant's unconscionable, unfair, and deceptive acts and omissions, Plaintiff and New York Class Members' Private Information and other data were disclosed to third parties without authorization, causing and will continue to cause Plaintiff and New York Class Members damages.

195.   As a direct and proximate result of Defendant's violation of NY GBL §349, Plaintiff and New York Class Members have suffered, and continue to suffer,

injuries, damages arising from identify theft; from their needing to contact agencies administering unemployment benefits; potentially defending themselves from legal action base upon fraudulent applications for unemployment benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

196.   Plaintiff and New York Class Members seek all monetary and non-monetary relief allowed by law, injunctive relief, and reasonable attorneys' fees and costs.

197.   The above constitutes violation of NY GBL §349.

## SIXTEENTH CAUSE OF ACTION FOR VIOLATION OF NEW YORK EDUCATION LAW §2-d (On behalf of Plaintiff and the New York Class)

198.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

199.   New York Education Law §2-d(5)(f) provides that:

(a)   Each third party contractor that enters into a contract or other written agreement with an educational agency under which the third party contractor will receive student data or teacher or principal data shall:

(i)   limit internal access to education records to those individuals that are determined to have legitimate educational interests; not use the education records for any other purposes than those explicitly authorized in its contract;

44

(b)    except for authorized representatives of the third party contractor to the extent they are carrying out the contract, not disclose any personally identifiable information to any other party:

    (i)    without the prior written consent of the parent or eligible student; or

    (ii)    unless required by statute or court order and the party provides a notice of the disclosure to the department, district board of education, or institution that provided the information no later than the time the information is disclosed, unless providing notice of the d4isclosure is expressly prohibited by the statute or court order;

(c)    maintain reasonable administrative, technical and physical safeguards to protect the security, confidentiality and integrity of personally identifiable student information in its custody;

(d)    uses encryption technology to protect data while in motion or in its custody from unauthorized disclosure using a technology or methodology specified by the secretary of the United States department of health and human services in guidance issued under Section 13402(H)(2) of Public Law 111-5.

200.    New York Education Law §2-d(6)(a) provides that, in the case of the breach and unauthorized release of Private Information:

(a)    Each third party contractor that receives student data or teacher or principal data pursuant to a contract or other written agreement with an educational agency shall be required to notify such educational agency of any breach of security resulting in an

unauthorized release of such data by the third party contractor or its assignees in violation of applicable state or federal law, the parents bill of rights for student data privacy and contractual obligations relating to data privacy and security, *in the most expedient way possible and without unreasonable delay* [emphasis added].

201.   New York Education Law §2-d(6)(a) provides that, in the case of the breach and unauthorized release of Private Information:

    (a)    In the case of an unauthorized release of student data, the educational agency shall notify the parent or eligible student of the unauthorized release of student data that includes personally identifiable information from the student records of such student *in the most expedient way possible and without unreasonable delay* [emphasis added].

202.   Defendant has violated New York Education Law §2-d by virtue of its inordinate and unreasonable delay in notifying school districts and parents of Plaintiff and New York Class members of its Data Breach, of which it was fully aware.

203.   As a direct and proximate result of Defendant's violation of NY GBL §349, Plaintiff and New York Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering unemployment benefits; potentially defending themselves from legal action base upon fraudulent applications for unemployment benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit

freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

204.   Plaintiff and New York Class Members seek all monetary and non-monetary relief allowed by law, injunctive relief, and reasonable attorneys' fees and costs.

205.   The above constitutes violation of NY Education Law §2-d.

**SEVENTEENTH CAUSE OF ACTION FOR VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT,**
**Okla. Stat. Tit. 15, §§ 751, *et seq*.**
**(On behalf of Plaintiff and the Oklahoma Class)**

206.   The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

207.   Defendant, in the course of its business, engaged in unlawful practices in violation of Okla. Stat. tit. 15, § 753, including the following:

    (a)    Making false or misleading representations, knowingly or with reason to know, as to the characteristics, uses, and benefits of the subjects of its consumer transactions;

    (b)    Representing, knowingly or with reason to know, that the subjects of its consumer transactions were of a particular standard when they were of another;

    (c)    Advertising, knowingly or with reason to know, the subjects of its consumer transactions with intent not to sell as advertised;

    (d)    Committing deceptive trade practices that deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person as defined by section 752(13);

    (e)    Committing unfair trade practices that offend established public policy and was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers as defined by section 752(14).

208.   Defendant's unlawful practices include:

(a)   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Oklahoma Class Members' Private Information and other data, which was a direct and proximate cause of the Data Breach;

(b)   Failing to identify and remediate foreseeable security and privacy risks and adequately improve security and privacy measures despite knowing the risk of cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

(c)   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Oklahoma Class Members' Private Information and other data, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

(d)   Misrepresenting that they would protect the privacy and confidentiality of Plaintiff and Oklahoma Class Members' Private Information and other data, including by implementing and maintaining reasonable security measures;

(e)   Misrepresenting that they would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and  Oklahoma Class Members' Private Information and other data, including duties imposed by the FTC Act, 15 U.S.C. § 45;

(f)   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Oklahoma Class Members' Private Information and other data; and

(g)   Omitting, suppressing, and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Oklahoma Class

Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. §

209.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Illuminate's data security and ability to protect the confidentiality of consumers' Private Information and other data.

210.   Defendant intended to mislead Plaintiff and Oklahoma Class Members and induce them to rely on its misrepresentations and omissions.

211.   As a direct and proximate result of Defendant's violation of the Oklahoma Consumer Protection Act, Plaintiff and Oklahoma Class Members have suffered, and continue to suffer, injuries, damages arising from identify theft; from their needing to contact agencies administering unemployment benefits; potentially defending themselves from legal action base upon fraudulent applications for unemployment benefits made in their name; contacting their financial institutions; loss of use of funds; closing or modifying financial accounts; damages from lost time and effort to mitigate the actual and potential impact of the data breach on their lives; closely reviewing and monitoring their accounts for unauthorized activity which is certainly impending; placing credit freezes and credit alerts with credit reporting agencies; and damages from identify theft, which may take months or years to discover and detect.

212.   Plaintiff and Oklahoma Class Members seek all monetary and non-monetary relief allowed by law, injunctive relief, and reasonable attorneys' fees and costs.

The above constitutes violation of Okla. Stat. tit. 15, § 753.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes defined above, respectfully request that this Court:

A.  Certify this case as a class action under Federal Rule of Civil Procedure 23, appoint Plaintiff as the Class representatives, and appoint the undersigned as Class counsel;

B.  Order appropriate relief to Plaintiff and the Classes; Enter injunctive and declaratory relief as appropriate under the applicable law;

C.  Award Plaintiff and the Classes pre-judgment and/or post-judgment interest as prescribed by law;

D.  Award reasonable attorneys' fees and costs as permitted by law; and

E.  Enter such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims so triable.

DATED:  June 14, 2022              Respectfully submitted,

                                **GREEN & NOBLIN, P.C.**


                                By:   /s/ Robert S. Green
                                      Robert S. Green

                                James Robert Noblin
                                Emrah M. Sumer
                                2200 Larkspur Landing Circle, Ste. 101
                                Larkspur, CA  94939
                                Telephone: (415) 477-6700
                                Facsimile: (415) 477-6710

                                Counsel for Plaintiff and the Proposed Class

CLASS ACTION COMPLAINT