| | |
|---|---|
| **KAPLAN FOX & KILSHEIMER LLP**<br>Laurence D. King (SBN 206423)<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>Telephone: 415-772-4700<br>Facsimile: 415-772-4707<br>Email: *lking@kaplanfox.com*<br><br>*Attorney for Plaintiff Lucas Cranor and Co-Lead Interim Counsel* | **KIRKLAND & ELLIS LLP**<br>Devin S. Anderson (*pro hac vice*)<br>Emily M. Long (*pro hac vice*)<br>1301 Pennsylvania Ave. NW<br>Washington, DC 20004<br>Telephone: (202) 389-5000<br>Facsimile: (202) 389-5200<br>Email: *devin.anderson@kirkland.com*<br>             *emily.long@kirkland.com* |
| **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**<br>Melissa R. Emert (*pro hac vice*)<br>135 Chestnut Ridge Road, Suite 200<br>Montvale, NJ 07645<br>Telephone: 201-391-7000<br>Facsimile: 302-307-1086<br>Email: *memert@kgglaw.com*<br><br>*Attorney for Plaintiff Anastasiya Kisil and Co-Lead Interim Counsel* | **KIRKLAND & ELLIS LLP**<br>Tammy Ann Tsoumas<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067<br>Telephone: 310-552-4200<br>Facsimile: 310-552-5900<br>Email: *tammy.tsoumas@kirkland.com*<br><br>*Attorneys for Defendant Illuminate Education, Inc.* |

[*Additional Counsel Appear on Signature Page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Illuminate Education Data Security Incident Litigation* | Case No. 8:22-cv-1404-JVS-ADSx<br><br>Class Action<br><br>**JOINT RULE 26(f) MEETING REPORT**<br><br>Date:        December 19, 2022<br>Time:       10:30 a.m.<br>Judge:      Hon. James V. Selna<br>Courtroom: **10C** |

On September 22, 2022, this Court issued an Order in the action entitled *In re: Illuminate Education Data Security Incident Litigation*, No. 8:22-cv-01164-JVS-ADS, granting Plaintiffs' Joint Motion to Consolidate Cases [Dkt No. 54].

Plaintiffs Anastasiya Kisil, Lucas Cranor, Kristen Weiland, Tara Chambers, Janene Vitro and Lorraine Deniz (collectively the "Plaintiffs") and defendant Illuminate Education, Inc. ("Defendant") submit this Joint Rule 26(f) Meeting Report pursuant to this Court's Order of September 19, 2022, filed in the action entitled *In re: Illuminate Education Data Security Incident Litigation*, No. 8:22-cv-01164-JVS-ADS [Dkt No. 53].

### A. Synopsis

**(a)** *Plaintiffs*:

Illuminate is a software company that provides "a streamlined solution that helps educators to accurately assess learning, identify needs, align whole child supports, and drive school improvement in order to equitably accelerate growth for every learner." Illuminate services approximately 17 million students in approximately 5,200 schools and districts across all 50 states. Illuminate's products collect, among other things, student attendance and grades, names, birth dates, class schedules, behavioral records, and whether they receive special education or free or reduced-price lunches

In fact, Illuminate stores demographic information, including name, mailing address, email address, and date of birth, student education and behavioral records, health-related information, including student immunizations, and vision and hearing screening results, and system usernames and passwords. Illuminate touts that "[w]e protect your data like it's our own."  However, according to news reports, on January 8, 2022, Illuminate became aware that an unauthorized third party gained access to databases of schools maintained by Illuminate that contained the personally identifiable information ("PII") and protected health information (PHI") of the students (collectively, "Private Information") maintained by Illuminate (the

"Data Breach").

Despite Illuminate's investigation finding that "certain databases, containing potentially protected student information" had taken place between December 28, 2021 and January 8, 2022, Illuminate did not notify schools of the breach until March 2022. Based on news reports and other sources, the compromised files and data included names, birthdays, ethnicities, home languages, and student ID numbers of current and former students going back to the 2016-17 school year. Other information, such as whether students receive special education services, class and teacher schedules, and whether students receive free lunch was also disclosed. Academic and behavior information may also have been compromised.

Defendant's failure to ensure that its customers' data was adequately secure fell far short of its obligations, public commitments and Plaintiffs' and Class Members' reasonable expectations for data privacy. Defendant has jeopardized Plaintiffs' and Class Members' security of their Private Information and has put them at serious risk of fraud and identity theft. Defendant also failed to ensure that Plaintiffs' and Class Members' reasonable expectations for data privacy would be maintained, jeopardizing the security of their Private Information and putting them at serious risk of fraud and identity theft by failing to adequately maintain the security of Plaintiffs' and Class Members' Private Information.  Plaintiffs have pleaded variety of concrete injuries and categories of damages that have been well recognized as cognizable claims for purposes of demonstrating standing and obtaining monetary and injunctive relief in similar data breach cases.

**(b) *Defendant*:**

Defendant Illuminate Education, Inc. ("Illuminate") provides software applications to support educators across the country.  In January 2022, Illuminate became aware of suspicious activity affecting certain of its applications.  After a reasonable investigation, Illuminate notified schools and school districts that certain student information may have been subject to unauthorized access as part of the

cyberattack.

Plaintiffs are students in California, Colorado, and New York who allege that their data was stored on Illuminate's Pupilpath platform. Am. Consolidated Compl. ¶¶ 16-22. That data allegedly included "students' attendance and grades, names, birth dates, class schedules, behavioral records, and health and economic information such as whether they qualify for special education or free or reduced-price lunches." *Id.* ¶ 5. Plaintiffs claim that Illuminate also stores "demographic information, including name, mailing address, email address, and date of birth, student education and behavioral records, health-related information, including student immunizations and vision and hearing screening results, and system usernames and passwords." *Id.*

Plaintiffs do not allege that there was any unauthorized access to financial information or social-security numbers as a result of the breach. Nor do they allege that they had their identities stolen or have experienced fraud of any kind as a result of the alleged unauthorized access to certain Illuminate products. Nevertheless, plaintiffs claim that they face "a substantially increased risk of identity theft and fraud, and they must now take immediate and time-consuming action to protect themselves from such identity theft and fraud." *Id.* ¶ 149. The complaint also alleges that plaintiffs and other putative class members suffered "loss of value and loss of possession and privacy" of their "Private Information." *Id.*

Although plaintiffs have not experienced any fraud or identity theft and cannot identify anyone who has, plaintiffs filed this putative class action seeking to represent a nationwide class and classes of California, New York, and Colorado residents "whose Private information was exposed to unauthorized third parties as a result of the compromise of Illuminate Education, Inc. that occurred between December 2021 and January 2022." *Id.* ¶¶ 173-74. Plaintiffs assert claims for negligence; negligence per se; invasion of privacy; breach of confidence; breach of contract; and various statutory claims under all three states' laws. Plaintiffs also

1  seek declaratory relief under 22 U.S.C. § 2201.

### B. Legal Issues

Plaintiffs state that the legal issues to be decided include whether Defendant adequately protected Plaintiffs' and putative class members' Private Information; whether Defendant breached its contract with Plaintiffs and the putative class members; the amount of damages to Plaintiffs and the putative class members; and whether this action is proper for class treatment. Defendant further state that the legal issues the Court will need to decide include whether Plaintiffs having standing; whether they were injured by the alleged conduct of Defendant; whether any injuries were caused by Defendant; and whether the statutes Plaintiffs invoke actually apply to Defendant's alleged conduct, among other things.

### C. Damages

Plaintiffs will prove damages in a manner consistent with their motion for class certification. Plaintiffs' experts will determine the methodology and amount of class wide damages after information is obtained from Defendant through discovery. Defendant disputes that Plaintiffs suffered any damages as a result of the conduct alleged in the complaint.

### D. Insurance

Plaintiffs are not aware of any insurance agreement applicable to the instant case. Defendant will disclose any applicable insurance agreements in accordance with Rule 26.

### E. Motions

At this time, the Parties do not anticipate filing any motions seeking to (i) add other parties or claims, (ii) file amended pleadings, or (iii) transfer venue.

### F. Discovery and Experts

According to the Court's Order of September 19, 2022, filed in the action entitled *In re: Illuminate Education Data Security Incident Litigation*, No. 8:22-cv-01164-JVS-ADS [Dkt No. 53], the Parties' initial disclosures under Rule 26(a) are

due December 12, 2022.

Plaintiffs will seek discovery on the following non-exhaustive list of topics: (i) policies and procedures concerning data security and storage; (ii) Defendant's public statements concerning the Data Breach, including on its website; (iii) documents pertaining to the Data Breach at issue and Defendant's knowledge of that Data Breach; (iv) documents relevant to Defendant's investigation of the relevant Data Breach; (v) the number of students, schools, and districts affected; and (vi) evidence on which Defendant intends to rely to support its affirmative defenses.

Defendant will seek discovery on the following non-exhaustive list of topics: (i) the specific contract Illuminate entered into with each of Plaintiffs' school districts; (ii) Plaintiffs' allegations of harm; (iii) Plaintiffs' mitigation costs; (iv) Plaintiffs' data-security practices; and (v) other data breaches affecting Plaintiffs' data.

### G.  Dispositive Motions

At this time, Plaintiffs do not anticipate any significant motions other than their motion for class certification. However, Plaintiffs reserve their right to move for summary judgment if warranted after discovery. Pursuant to the schedule established by the Court, [Dkt No. 43], Defendant will file its motion to dismiss the Complaint 60 days from the filing of Plaintiffs Consolidated Complaint that was filed on November 7, 2022. If the case proceeds, Defendant intends to file a motion for summary judgment.

The parties have proposed competing case schedules, which are attached as **Exhibit A**.

### H.  Settlement and Settlement Mechanism

Although Plaintiffs are open to engaging in settlement discussions in principle, such discussions are unlikely to be productive until the Court rules on Defendant's motion to dismiss and after sufficient discovery is completed. The

Parties agree that private mediation would be a suitable form of ADR in this matter, with such mediation to occur within 90 days following the Court's decision on the motion to dismiss.

### I. Trial Estimate

Plaintiffs estimate that 5-7 days would be required for a jury trial. Plaintiffs anticipate calling 5-7 witnesses. Given the early stage of this putative class action and the significant issues to still be decided (including whether class treatment is appropriate and the number of experts that will be allowed), Defendant submits that it cannot provide a reasonable estimate for the length of trial and number of witnesses.

### J. Timetable

Pursuant to the Court's Scheduling Order, dated August 11, 2022 (ECF No. 43), Plaintiffs filed their Amended Consolidated Complaint on November 7, 2022 and Defendant's motion to dismiss the complaint is due January 6, 2022. Briefing on the motion to dismiss will not be complete until March 22, 2022. *Id.* In addition to bringing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Defendant also anticipates moving to dismiss Plaintiffs' claims for lack of subject matter jurisdiction under Rule 12(b)(1).

**Defendant's Position:** Defendants will argue in its forthcoming motion to dismiss that plaintiffs in this matter lack standing to pursue their claims because they have not pled any actual or impending harm arising out of the data security incident. Plaintiffs must establish standing "for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)," *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021), and courts in data-breach cases regularly dismiss claims for lack of standing. Defendant submits that discovery should be deferred until after the Court's determination whether it has subject-matter jurisdiction over the claims in this action, and any subsequent discovery deadlines should be keyed off of the Court's disposition.

Defendants further submit that because the court's ruling on class certification will determine which merits issues, if any, are litigated on a class-wide basis, class certification should be litigated only after a ruling on the motion to dismiss and fulsome fact and expert discovery. Plaintiffs' proposed schedule, by contrast, makes no sense because it contemplates that their motion for class certification will be filed potentially before this Court has even ruled on a motion to dismiss and before the parties will have the opportunity to conduct fulsome fact and expert discovery. Similarly, summary judgment will need to be disposed of before the parties proceed to trial, and Plaintiffs' schedule has no allowance for summary-judgment motions.

Given the important legal and factual issues presented by this case, Defendant's proposed schedule better reflects with the work the parties will need to perform. Defendants have therefore proposed case deadlines that are keyed off of the Court's rulings on each of these dispositive and non-dispositive motions, as laid out in **Exhibit A.**

**Plaintiffs' Position:** Plaintiffs submit that discovery has commenced pursuant to the Rule 26 process. Plaintiffs do not agree that discovery should be stayed or phased pending resolution of any of Defendant's forthcoming Rule 12 Motions and are unaware of other federal courts imposing any discovery stays in data breach cases. Should Defendant seek a formal stay of discovery, an appropriate motion should be filed according to this Court's procedures. Plaintiffs' proposed schedule, which proposes an April 30, 2024 trial date, and sets proposed dates certain for the close of fact and expert discovery, and class certification and summary judgment motions, is set forth in **Exhibit A**.

### K. Other Issues

The Parties are not presently aware of any other issues that may facilitate the just, speedy, and inexpensive disposition of this matter.

**L.  Conflicts**

The Parties are not aware of any conflicts applicable to the instant case.

**M.  Patent Cases**

No patents are at issue in this lawsuit.

**N.  Magistrates**

The Parties do not consent to have a Magistrate Judge preside over the instant case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **KAPLAN FOX & KILSHEIMER LLP** |
| DATED: December 5, 2022 | By:  /s/ *Laurence D. King*   <br>         Laurence D. King |

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Email: *lking@kaplanfox.com*
         *mgeorge@kaplanfox.com*
         *breed@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Joel B. Strauss (admitted *pro hac vice*)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Email: *jstrauss@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA  90025
Telephone:  310-614-7260
Email: *jfarar@kaplanfox.com*

*Plaintiffs' Co-Lead Interim Counsel*

|  |  |
|---|---|
|  | **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.** |
| DATED: December 5, 2022 | By: /s/ *Melissa R. Emert*<br>　　　Melissa R. Emert |

Melissa R. Emert (admitted *pro hac vice*)
Gary S. Graifman (admitted *pro hac vice*)
135 Chestnut Ridge Road, Suite 200
Montvale, NJ  07645
Telephone: 201-391-7000
Email: *memert@kgglaw.com*
　　　*ggraifman@kgglaw.com*

*Plaintiffs' Co-Lead Interim Counsel*

|  |  |
|---|---|
|  | **KIRKLAND & ELLIS LLP** |
| DATED:  December 5, 2022 | By: /s/ *Devin S. Anderson*<br>　　　Devin S. Anderson |

Devin S. Anderson (*pro hac vice*)
Emily M. Long (*pro hac vice*)
1301 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202-389-5000
Facsimile:  202-389-5200
Email:  *devin.anderson@kirkland.com*
　　　*emily.long@kirkland.com*

Tammy Ann Tsoumas
2049 Century Park East, Suite 3700
Los Angeles, CA  90067
Telephone: 310-552-4200
Facsimile:  310-552-5900
Email:  *tammy.tsoumas@kirkland.com*

*Counsel for Defendant*

- 9 -　　　Case No. 8:22-cv-01164-JVS-ADSx
JOINT RULE 26(f) MEETING REPORT

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Devin S. Anderson, attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of December, 2022, at Salt Lake City, Utah.

          /s/ *Devin S. Anderson*
          Devin S. Anderson

# EXHIBIT A
**Judge James V. Selna**
**Presumptive Schedule of Pretrial Dates**

| Matter | Time | Weeks before Trial | Plaintiffs' Request (insert specific date) | Defendant's Request (insert specific date) | Court Order |
|---|---|---|---|---|---|
| ***Fact Discovery*** | | | | | |
| Fact discovery begins | | | Plaintiffs submit that fact discovery has already begun per F.R.Civ.P. 26. | 14 days after decision on MTD, if claims are allowed to proceed | |
| Close of fact discovery | | | Aug. 15, 2023 | 9 months after decision on MTD, if claims are allowed to proceed | |
| ***Class Certification Motion*** | | | | | |
| Plaintiffs' motion | | | June 30, 2023 | 60 days after close of expert discovery | |
| Defendant's opposition | | | Aug. 4, 2023 | 60 days after plaintiff's motion | |
| Plaintiffs' reply | | | Sep. 1, 2023 | 30 days after defendant's opposition | |
| ***Expert Discovery*** | | | | | |
| Plaintiffs' expert reports | | | Sept. 15, 2023 | 30 days after close of fact discovery | |
| Defendant's expert reports | | | Oct. 16, 2023 | 30 days after service of plaintiffs' expert reports | |
| Close of expert discovery | | | Nov. 17, 2023 | 30 days after service of defendant's expert reports | |
| ***Summary Judgment Motions*** | | | | | |
| Motions for summary judgment | | | Dec. 8, 2023 | 60 days after decision on class certification | |
| Oppositions | | | Jan. 12, | 60 days after |

|  |  |  |  | 2024 | motions for summary judgment |  |
|---|---|---|---|---|---|---|
| Replies |  |  |  | Feb. 2, 2024 | 30 days after oppositions |  |
| ***Pre-trial/Trial*** | | | | | | |
| Trial date (jury) (court) Estimated length: 5-7 days | 8:30 a.m. (Tuesdays) |  |  | April 30, 2024 | To be scheduled following determination on summary judgment |  |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony |  |  | -1 | April 23, 2024 | 1 week prior to trial |  |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) |  | -2 | April 15, 2024 | 2 weeks prior to trial |  |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement |  |  | -3 | Apr. 9, 2024 | 3 weeks prior to trial |  |
| Last day for hand−serving Motions in Limine |  |  | -6 | March 19, 2024 | 6 weeks prior to trial |  |
| ***Other*** | | | | | | |
| Last day to conduct settlement conference |  |  |  | April 30, 2023 |  |  |
| Last day to amend pleadings or add parties |  |  |  | N/A |  |  |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:  (1) CT/USMJ     (2) Court Mediation Panel    **(3) Private ADR**

- 2 -
JOINT RULE 26(f) MEETING REPORT

Case No. 8:22-cv-01164-JVS-ADSx