**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBM 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile:  415-772-4707
Email: *lking@kaplanfox.com*
     *mgeorge@kaplanfox.com*
     *breed@kaplanfox.com*

**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
Melissa R. Emert (admitted *pro hac vice*)
Gary S. Graifman (admitted *pro hac vice*)
135 Chestnut Ridge Road, Suite 200
Montvale, NJ  07645
Telephone: 201-391-7000
Facsimile: 302-307-1086
Email: *memert@kgglaw.com*
     *ggraifman@kgglaw.com*

*Interim Co-Lead Class Counsel for
   Plaintiffs*

**KIRKLAND & ELLIS LLP**
Devin S. Anderson (admitted *pro hac vice*)
Emily Long (admitted *pro hac vice*)
1301 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 389-5000 Facsimile: (202) 389-5200
Email: *devin.anderson@kirkland.com*
     *emily.long@kirkland.com*

**KIRKLAND & ELLIS LLP**
Tammy Tsoumas (SBN 250487)
2049 Century Park East Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200 Facsimile: (310) 552-5900
Email: *tammy.tsoumas@kirkland.com*

*Counsel for Defendant Illuminate
Education, Inc. d/b/a Pupil Path*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re: Illuminate Education Data Security Incident Litigation* | Case No.  8:22-cv-1164-JVS-ADSx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**\*\*NOTE CHANGES MADE BY THE COURT\*\*** |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Civil Local Rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL": Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party reasonably and in good faith believes contains or constitutes trade secrets, proprietary business information, competitively sensitive information, personal information, or other information the disclosure of which would be detrimental to the conduct of the Designating Party's business.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: expert witnesses or consultants, retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to

give testimony with respect to the subject matter of this action at the trial of this action.

2.7 "HIGHLY CONFIDENTIAL": Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that the Designating Party reasonably and in good faith believes contains or constitutes information that is of such a private, sensitive, competitive or proprietary nature that present disclosure would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Designating Party.

2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection

and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Unless otherwise designated during the deposition, all depositions shall presumptively treated as "CONFIDENTIAL" information and subject to this Stipulation during the deposition and for a period of twenty-one (21) days after a transcript of said deposition is received by counsel for each of the Parties. A Party or Non-Party that believes the deposition contains Protected Material shall be responsible for notifying the Receiving Parties of any such designation within the aforementioned twenty-one (21) day period.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. Except as provided in this paragraph, an inadvertent failure to designate Disclosure or Discovery Material at the time of production or disclosure does not, standing alone, waive the Designating Party's right to later designate such Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that, at the time of making the later designation, the Producing Party provides the Receiving

Party with a replacement copy of the Protected Materials that are properly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with paragraph 5.2 of this Stipulation. No Receiving Party shall be deemed to have violated this Stipulation if, prior to notification of a later designation, such Disclosure or Discovery Material had been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, the relevant Disclosure or Discovery Material shall be treated as Protected Material in accordance with this Stipulation. In the event that the Disclosure or Discovery Material that was inadvertently not designated were, at the time of the later designation, already filed with a court on the public record, it shall be the responsibility of the Producing Party that failed to make the designation to move for appropriate relief.  If an inadvertently omitted confidentiality designation is first claimed on the record during the course of a deposition, hearing, or other proceeding, the subject Disclosure or Discovery Material may be used throughout the deposition, hearing, or proceeding but should be treated subsequent to the conclusion of the deposition, hearing or proceeding as though the claimed designation had been made at the time of disclosure

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to identifying the issues the Challenging Party wishes to raise with the Court in compliance with the Civil Local Rules within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that the material has been maintained as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (according to the challenged designation) while the dispute is being resolved.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level

of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Materials. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may be disclosed only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party and, if the Receiving Party is an entity, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or, in the case that a Producing Party is an entity, another employee of the Producing Party;

(i) any mediation or settlement officer and their supporting personnel; and

(j) any other person to whom the Producing Party agrees.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" materials.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, HIGHLY CONFIDENTIAL materials shall not be furnished, shown, or disclosed to any person or entity except those identified in paragraphs 7.2(a), 7.2(c)-7.2(j). Notwithstanding the foregoing, HIGHLY CONFIDENTIAL materials may be disclosed or shown to an individual Party identified in paragraph 7.2(b), provided that the same individual Party is the express subject of the information or material. For clarity, no HIGHLY CONFIDENTIAL materials of which one Party is the express subject may be shown or disclosed to another Party; nor may HIGHLY CONFIDENTIAL materials of which multiple Parties or Non-parties are the express subjects be shown or disclosed to a Party.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. 9.    <u>A      NON-PARTY'S      PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   FRE 502(D) AND CLAWBACK AGREEMENT

1  Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders
2  protection of privileged and otherwise protected Disclosure or Discovery Material
3  against claims of waiver (including as against third parties and in other federal and
4  state proceedings) as follows:

5  (a) Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery
6  of any information that is protected by the attorney-client privilege or work-product
7  protection ("Protected Document"), as defined by Fed. R. Evid. 502(g), shall not
8  waive the privilege or protection in the particular Action in which the disclosure is
9  made, or any other federal or state proceeding, for either that Protected Document or
10  the subject matter of that Protected Document, unless there is an intentional waiver
11  of the Privilege or Protection to support an affirmative use of the Protected Document
12  in support of the Party's claim or defense, in which event the scope of any such
13  waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).

14  (b) ~~The Parties intend that this stipulated order shall displace the provisions of~~
15  ~~Fed. R. Evid. 502(b)(1) and (2).~~ That is, all disclosures not made to support an
16  affirmative use of the Protected Document in support of a party's claim or defense
17  shall be regarded as "inadvertent," and, subject to 11(c) below, the Producing Party
18  is hereby deemed to have taken "reasonable steps to prevent disclosure." Any
19  disclosure used to affirmatively support a claim or defense shall be deemed an
20  intentional disclosure.

21  (c) If the underlying claim of Privilege or Protection is contested, the Parties
22  shall comply with, and the Requesting Party may promptly seek a judicial
23  determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the
24  validity of any claim of Privilege or Protection, the Court shall not consider the
25  provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and
26  otherwise reasonable steps were taken by the Producing Party to request the return
27  or destruction of the Protected Document once the Producing Party had actual
28  knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection

1    and (ii) the disclosure of the Protected Document in question.

2        (d) If, during the course of the Action, a Party determines that any Protected

3    Document disclosed by another Party is or may reasonably be subject to a legally

4    recognizable privilege or evidentiary protection:

5            (i) the Receiving Party shall: (A) refrain from reading the Protected

6    Document any further; (B) immediately notify the Producing Party in writing that it

7    has discovered documents believed to be privileged or protected; (C) specifically

8    identify the Protected Documents by Bates number range or hash value; and (D)

9    within 10 days of discovery by the Receiving Party, return, sequester, or destroy all

10   copies of such Protected Documents, as described in Exhibit C – Clawback

11   Procedures of the Stipulated Order Governing ESI and Document Production

12   Protocol negotiated by the Parties. Any notes, abstracts, or compilations and the

13   content thereof shall be destroyed. If a Protected Document has been loaded into a

14   litigation review database under the control of the Receiving Party, the Receiving

15   Party shall take reasonable steps to sequester and limit access to the Protected

16   Document within the review database, pending a determination of a claim of

17   privilege in accordance with paragraph 11(c). Where such Protected Documents

18   cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise

19   used by the Receiving Party. Notwithstanding the foregoing, the Receiving Party is

20   under no obligation to search or review the Producing Party's documents to identify

21   potentially Protected documents.

22            (ii) If the Producing Party intends to assert a claim of privileged or other

23   protection over information identified by the Receiving Party as Protected

24   Documents, the Producing Party shall, within 10 days or receiving the Receiving

25   Party's written notification described above, inform the Receiving Party of such

26   intention in writing and shall provide the Receiving Party with a log for such

27   Protected Documents that is consistent with the requirements of the Federal Rules of

28   Civil Procedure, setting forth the basis for the claim of privilege or protection. If any

portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(e) If, during the course of the Action, a Party determines it has produced a Protected Document:

(i) the Producing Party must notify the Receiving Party of such production and demand the return of such information. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or protection. If any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within 10 days of receiving the Producing Party's written notification described above, return, sequester, or destroy all copies of such Protected Documents, as described in Exhibit C – Clawback Procedures of the Stipulated Order Governing ESI and Document Production Protocol.  Any notes, abstracts, or compilations and the content thereof shall be destroyed. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall take reasonable steps to sequester and limit access to the Protected Document within the review database, pending a determination of a claim of privilege in accordance with paragraph 11(c). Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed,

disclosed, or otherwise used by the Receiving Party except in connection with motion practice relating to a challenge of the asserted privilege or protection.

(f) If the information contained in a Protected Document has already been disclosed in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 11(d)(ii) or (e)(i), then the Receiving Party shall sequester such information until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its production, it must take reasonable steps in light of the circumstances to retrieve it.

(i) The Receiving Party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed information on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the disclosure or production of the Protected Documents, standing alone, acts as a waiver of an applicable privilege or evidentiary protection.

(g) Any party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or protection. The Producing Party shall preserve the Protected Documents until such a claim is resolved. The Receiving Party may not use the Protected Documents for any other purpose absent this Court's order.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order.

(i) After the Court's determination that Protected Documents are protected by an applicable privilege or evidentiary protection, the Producing Party must provide an Amended Privilege Log within 10 days of the Court's order setting forth such a

1   determination.

2       (j) Nothing contained herein is intended to, or shall serve to limit a party's right

3   to conduct a review of documents, data (including electronically stored information)

4   and other information, including without limitation, metadata, for relevance,

5   responsiveness, and/or the segregation of privileged and/or protected information

6   before such information is produced to another party.

7       (k) By operation of the Parties' agreement and the Court Order, the Parties are

8   specifically afforded the protections of FRE 502(d) and (e).

9   12.   <u>MISCELLANEOUS</u>

10      12.1   Right to Further Relief. Nothing in this Order abridges the right of any

11  person to seek its modification by the court in the future.

12      12.2   Right to Assert Other Objections. By stipulating to the entry of this

13  Protective Order no Party waives any right it otherwise would have to object to

14  disclosing or producing any information or item on any ground not addressed in this

15  Stipulated Protective Order. Similarly, no Party waives any right to object on any

16  ground to use in evidence of any of the material covered by this Protective Order.

17      12.3   Filing Protected Material. Without written permission from the

18  Designating Party or a court order secured after appropriate notice to all interested

19  persons, a Party may not file in the public record in this action any Protected Material.

20  A Party that seeks to file under seal any Protected Material must comply with the

21  Civil Local Rules. Protected Material may only be filed under seal pursuant to a court

22  order authorizing the sealing of the specific Protected Material at issue. Pursuant to

23  the Civil Local Rules, a sealing order will issue only upon a request establishing that

24  the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

25  entitled to protection under the law. If a Receiving Party's request to file Protected

26  Material under seal pursuant to the Civil Local Rules is denied by the court, then the

27  Receiving Party may file the information in the public record pursuant to the Civil

28  Local Rules unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 8, 2022

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Laurence D. King*
        Laurence D. King

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Email: *lking@kaplanfox.com*
       *mgeorge@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Joel B. Strauss (admitted *pro hac vice*)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Email: *jstrauss@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310-614-7260
Email: *jfarar@kaplanfox.com*

*Plaintiffs' Co-Lead Interim Counsel*

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**

DATED: February 8, 2022

By: /s/ *Melissa R. Emert*
        Melissa R. Emert

Melissa R. Emert (admitted *pro hac vice*)
Gary S. Graifman (admitted *pro hac vice*)
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Telephone: 201-391-7000
Email: *memert@kgglaw.com*
       *ggraifman@kgglaw.com*

*Plaintiffs' Co-Lead Interim Counsel*

**HELD AND HINES LLP**
Marc J. Held (admitted *pro hac vice*)
Philip M. Hines (admitted *pro hac vice*)
2044 Ralph Avenue
Brooklyn, NJ 11234
Telephone: 718-531-9700
Email: *mheld@heldhines.com*
       *phines@heldhines.com*

1

2

3

4

**SHEEHAN AND ASSOCIATES, P.C.**
Spencer Sheehan (admitted *pro hac vice*)
60 Cuttermill Road, Suite 409
Great Neck, NY 11021
Telephone: 516-268-7080
Email: *spencer@spencersheehan.com*

5

6

7

**SHEEHAN AND ASSOCIATES, P.C.**
Theodore Hillebrand
65-24 78th Street
Middle Village, NY  11379
Telephone: 929-246-0747
Email: *thillebrand@spencersheehan.com*

8

*Plaintiffs' Executive Committee*

9

10

*Attorneys for Plaintiffs and the Proposed Class*

11

12

**KIRKLAND & ELLIS LLP**

DATED:  February 8, 2022

By:  /s/ *Devin S. Anderson*
　　　　　Devin S. Anderson

13

14

15

16

17

Devin S. Anderson
Emily M. Long
1301 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202-389-5000
Facsimile:  202-389-5200
Email:  *devin.anderson@kirkland.com*
　　　　*emily.long@kirkland.com*

18

19

20

**KIRKLAND & ELLIS LLP**
Tammy Ann Tsoumas
2049 Century Park East, Suite 3700
Los Angeles, CA  90067
Telephone: 310-552-4200
Facsimile:  310-552-5900
Email:  *tammy.tsoumas@kirkland.com*

21

22

*Counsel for Defendant*

23

24

**IT IS SO <u>ORDERED</u>.**

25

26

DATED: 2/10/2023

　　　　/s/ Autumn D. Spaeth
The Honorable Autumn D. Spaeth
United States Magistrate Judge

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *In re: Illuminate Education Data Security Incident Litigation*, Case No. 8:22-cv-1404-JVS-ADSx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

1

**ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4(a)(2)**

2

The filer attests that all other signatories listed, and on whose behalf the filing

3

is submitted, concur in the filing's content and have authorized the filing.

4

5

**KAPLAN FOX & KILSHEIMER LLP**

6

DATED: February 8, 2023

By: /s/ *Laurence D. King*
　　　Laurence D. King

7

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)

8

Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560

9

Oakland, CA 94612
Telephone: 415-772-4700

10

Email: *lking@kaplanfox.com*
　　　　*mgeorge@kaplanfox.com*

11

　　　　*breed@kaplanfox.com*

12

*Interim Co-Lead Class Counsel for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28